UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAFRANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL WERTTEMBERGER; MICHAEL WERTTEMBERGER INDUSTRIAL SALES, INC.; and INTEGRATED INDUSTRIES INTERNATIONAL PARTNERS, INC., <br><br> Defendants. | C07-1932Z <br><br> ORDER |

THIS MATTER comes before the Court on Defendant Integrated Industries International Partners, Inc.'s Motion to Dismiss the Second Amended Complaint, docket no. 66, and Werttemberger's Motion to Dismiss, docket no. 69. Having considered all papers filed in support of and in opposition to the motions to dismiss, the Court enters the following Order.

**<u>Background</u>**

LaFrance Corp. ("LaFrance") is a Pennsylvania corporation that manufactures a variety of automotive products to assist automobile dealerships in the promotion and sale of their vehicles. Second Amended Complaint ("Complaint"), docket no. 60, ¶ 3. Michael Werttemberger was an independent sales representative for LaFrance until July 5, 2007. *Id.*

ORDER 1–

¶ 4. Michael Werttemberger Industrial Sales, Inc. is a Washington corporation with its principal place of business in Snohomish County, and is the alleged alter ego of Michael Werttemberger (collectively "Werttemberger"). *Id.* ¶¶ 5-6. Defendant Integrated Industries International Partners, Inc. ("Integrated") is a California corporation and a direct competitor of LaFrance. *Id.* ¶ 7.

LaFrance alleges that Werttemberger had access to LaFrance's confidential and proprietary information, such as product designs, pricing books, customer information, and a Customer Information System, and that Werttemberger started to divert business and confidential information to Integrated in or about January 2007. *Id.* ¶¶ 22, 36, 39

**Discussion**

In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).[1] If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)).

**A.     Preemption of Common Law Claims**

Integrated and Werttemberger assert that the Washington Uniform Trade Secrets Act ("UTSA"), chapter 19.108 RCW, preempts LaFrance's common law causes of action. LaFrance contends that dismissal is not appropriate at this stage of the proceedings because it should be allowed to plead in the alternative. LaFrance also contends that preemption under

---

[1] Although LaFrance argues that the standard set forth in *Twombly* should be limited to the facts of that case, the Ninth Circuit has employed the "plausible" standard in a variety of other cases. *See, e.g.*, *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (employing "plausible" standard in employment discrimination case); *see also Lazy Y Ranch Ltd. v. Behrens*, 2008 WL 4368216, at *6 (9th Cir. 2008) (employing "plausible" standard in equal protection case).

ORDER   2–

the UTSA is not appropriate where a common law cause of action (1) states facts sufficiently distinct from facts supporting a UTSA cause of action, (2) is supported by confidential information that may not be deemed a trade secret, or (3) requires proof of an element or allegation beyond that required by a UTSA claim.

In analyzing questions of state law, federal courts are bound by the decisions of the state's highest court. *Glendale Assoc., Ltd. v. NLRB*, 347 F.3d 1145, 1154 (9th Cir. 2003). The Washington Supreme Court has not directly addressed the issues presented and so this Court "must predict how the highest state court would decide the issue[s] using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Arizona Elec. Power Co-op., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995) (quoting *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990)).

### **Pleading in the Alternative**

LaFrance argues that dismissal of its common law claims is premature because it unclear whether the information supporting its causes of action will be deemed a trade secret, a question of fact. Defendants argue that allowing LaFrance to plead in the alternative defeats the purpose of preemption.

In *Patriot Homes, Inc. v. Forest River Housing, Inc.*, a court addressed the issue and explained:

> While this Court agrees that clearly a plaintiff has the right to plead in the alternative . . . it does not logically follow that certain claims cannot be determined to be preempted at the pleadings stage. . . . [I]f any common law claim is preempted by the [Indiana UTSA] or the Copyright Act then it cannot go forward, ever-it is not a matter of pleading in the alternative.

489 F. Supp.2d 865, 869 (N.D. Ind. 2007). The reasoning of the court in *Patriot Homes* is instructive. If the UTSA has abolished a cause of action then that cause of action cannot be plead at all, including in the alternative.

ORDER 3–

**Standard for Determining Whether a Claim is Preempted**

The UTSA "displaces conflicting tort, restitutionary, and other law of [Washington] state pertaining to civil liability for misappropriation of a trade secret." RCW 19.108.900. However, the Act does not affect "[c]ontractual or other civil liability or relief that is not based upon misappropriation of a trade secret." *Id.* The majority of courts that have examined whether a common law claim is preempted do not rely upon the label attached to the claim, but examine the facts underlying the claim. *Mortgage Specialists, Inc. v. Davey*, 153 N.H. 764, 778 (2006). These courts look to the facts alleged or proven and find that a claim is preempted when it is "based solely on, or to the extent [that it is] based on, the allegations or the factual showings of unauthorized use of . . . information or misappropriation of a trade secret." *Id.* The Washington Court of Appeals largely adopted this standard in *Thola v. Henschell*, 140 Wn. App. 70 (2007), and this Court does as well.

Courts disagree whether a claim is preempted when the elements of the claim require an allegation or factual showing *in addition to* that which forms the basis for a UTSA claim. One treatise explains the issue as follows:

> A debate also exists as to whether a common law claim based on the misappropriation of a trade secret (or other information), but requiring allegations in addition to those necessary to state a claim under the UTSA, such as fraud, negligent misrepresentation, tortuous interference, diversion of corporate opportunities and unfair competition, are preempted. If applied overly mechanistically or overly conceptually, preemption provisions can be worrisome. The Common Law is richly flexible in redressing wrongs for improper conduct which in full or in part involves the use of information derived from the plaintiff. . . . *The weight of authority is that common law claims that require allegations in addition to those necessary to state a claim for trade secret misappropriation are not preempted by the UTSA.*

1 Roger M. Milgrim, *Milgrim on Trade Secrets* § 1.01[3][a], at 1-230.1 (2008); *see also Mortgage Specialists, Inc. v. Davey*, 153 N.H. 764, 778 (2006) ("a claim is not preempted where the elements of the claim require some [additional] allegation or factual showing"); *Powell Products, Inc. v. Marks*, 948 F. Supp. 1469, 1474 (D.Colo. 1996) (same).

ORDER 4–

Although Washington courts have not yet reached the issue, *see Thola*, 140 Wn. App. at 82 n.5., this Court follows the weight of authority and holds that LaFrance's common law claims are not preempted by the UTSA if the claims require additional elements.

**I. Breach of Duty of Confidentiality (Against Werttemberger Only)**

Werttemberger contends that the same factual allegations that support LaFrance's UTSA claim also support its breach of duty of confidentiality claim, and therefore the common law claim should be preempted. In Washington, however, a duty of confidentiality claim can be brought independently of a UTSA claim. *See Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 45-48 (1987) (rejecting defendant's argument that breach of contract, breach of confidential relationship, conversion, and misappropriation of trade secrets claims should have been consolidated). In addition, LaFrance alleges facts in support of the duty of confidentiality claim that are not necessary to the UTSA claim. *See* Complaint ¶¶ 95-96 (alleging existence of principle-agent relationship between LaFrance and Werttemberger and alleging Werttemberger's use of deception regarding his intentions and conduct). Therefore, this claim cannot be dismissed at this time.

**II. Breach of Duty of Loyalty (Against Werttemberger Only)**

Werttemberger contends that the same factual allegations that support LaFrance's UTSA claim also support its breach of duty of loyalty claim. However, LaFrance alleges facts that are not necessary to the UTSA claim. *See* Complaint ¶¶ 88-92 (alleging existence of principle-agent relationship between LaFrance and Werttemberger and alleging Werttemberger's soliciting of LaFrance's customers). Therefore, this common law claim is not dismissed. *See AutoMed Technologies, Inc. v. Eller*, 160 F. Supp.2d 915, 922 (N.D. Ill. 2001) ("Soliciting employees . . . is independent of any trade secrets involved, and so is not preempted").

ORDER 5–

### III. Conversion (Against All Defendants)

LaFrance's conversion claim is preempted to the extent it alleges that "Werrtemberger misappropriated and converted to Defendants' use LaFrance's confidential and proprietary information." Complaint ¶ 99. However, LaFrance's claim for conversion of "business opportunities," Complaint ¶ 100, potentially does not rely on trade secret law and therefore cannot be dismissed at this time. *See Lang v. Hougan*, 136 Wn. App. 708, 718 (2007) (noting that a business's "goodwill" and customer base were chattel that could be converted). In addition, LaFrance's claim of conversion of documents, Complaint ¶ 102, is not preempted. *See Powell Products, Inc. v. Marks*, 948 F. Supp. 1469, 1475 (D.Colo. 1996) (common law conversion claim was not preempted to the extent it sought recovery of "physical items" such as "blueprints and drawings").

### IV. Unjust Enrichment (Against All Defendants)

The UTSA allows recovery for "unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss." RCW 19.108.030(1). To the extent that LaFrance's unjust enrichment claim is an attempt to seek tort damages (as opposed to statutory damages) for trade secret misappropriation, it is preempted by the UTSA. However, to the extent that LaFrance's unjust enrichment claim is based upon tortuous interference, conversion, and conspiracy, the unjust enrichment claim is not preempted.

### V. Accounting (Against All Defendants)

Defendants argue that accounting is a remedy rather than a cause of action, that the remedy should be subsumed in LaFrance's UTSA claim, and that it should be dismissed as a separate count. LaFrance argues that its request for an accounting is derivative and properly based on its common law claims of tortuous interference, conversion, and conspiracy. Because LaFrance's common law claims are not completely preempted, its accounting claim also survives.

ORDER 6–

### VI. Conspiracy (Against All Defendants)

Conspiracy requires an element in addition to that required to make out a UTSA cause of action. In addition, LaFrance alleges facts that are not necessary to the UTSA claim, such as defendants' knowledge that their acts were unlawful and defendants' agreement to act in concert. *See* Complaint ¶ 114. Therefore, this claim cannot be dismissed at this time.

### VII. Tortuous Interference (Against All Defendants)

LaFrance alleges facts that are not necessary to the UTSA claim, such as defendants' soliciting of and interfering with LaFrance's customers. *See* Complaint ¶¶ 84-85. Therefore, this claim cannot be dismissed at this time. *See Thola*, 140 Wn. App. at 82 (holding that plaintiff's tortuous interference claim was not preempted by the UTSA when defendant personally solicited and interfered with clients).

### VIII. Fraudulent Misrepresentation (Against Werttemberger Only)

Werttemberger moves to dismiss the fraudulent misrepresentation claim to the extent it depends on claims for breach of Werttemberger's alleged duties of loyalty and confidentiality, since those claims in turn depend on misappropriation of trade secrets. As discussed above, LaFrance's claims for breach of duty of confidentiality and loyalty cannot be dismissed at this time; thus, neither can the fraudulent misrepresentation claim.

### B. Washington CPA Claim

In order to prevail on a private CPA claim, "a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). Defendants argue that LaFrance cannot establish the first and third elements.

"An act or practice is 'unfair or deceptive' under the CPA only if it has the capacity to deceive 'a substantial portion' of the public." *Swartz v. KPMG, LLC*, 401 F. Supp. 2d 1146,

ORDER 7–

1153 (W.D. Wash. 2004) (citing *Henery v. Robinson*, 67 Wn. App. 277, 289-91 (1992)) *aff'd in part, rev'd in part on other grounds by* 476 F.3d 756 (9th Cir. 2007). Defendants argue that the number of factories like LaFrance that manufacture "on-car" advertising is extremely small and does not affect a substantial portion of the public. LaFrance does not argue or show otherwise.

Defendants also contend that the CPA claim fails because the allegedly deceptive acts do not "affect the public interest." The CPA is meant to "protect the public, not to provide an additional remedy for private wrongs." *Michael v. Mosquera-Lacy*, 140 Wn. App. 139, 152 (2007) (citing *Lightfoot v. MacDonald*, 86 Wn.2d 331, 333 (1976)). A private dispute affects the public interest when there is a "likelihood that additional plaintiffs have been or will be injured in exactly the same fashion." *Hangman Ridge*, 105 Wn.2d at 790.

In *Buffets, Inc. v. Klinke*, 73 F.3d 965 (9th Cir. 1996), a buffet restaurant chain sued operators of a competing buffet restaurant alleging misappropriation of trade secrets and violations of the Washington CPA in connection with the alleged theft of recipes and job training manuals. On appeal, the court upheld summary judgment because "While the [] conduct in this matter was clearly unethical, there is nothing in the record to suggest that 'additional plaintiffs have been or will be injured [by the defendants] in exactly the same fashion.'" *Id.* at 970 (quoting *Hangman Ridge*, 105 Wn.2d at 790). Similarly, the "on car" advertising industry here is extremely small and any injury appears unique to this case. LaFrance concedes that its claim may ultimately be analogous to *Klinke*. Because the facts alleged cannot plausibly satisfy either the first or third elements of the CPA, the claim is dismissed.

**C.  Leave to Amend**

Leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990) (quoting *Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 789-90

ORDER   8–

(9th Cir. 1963)). Although LaFrance has amended its complaint before, the deadline for amending is not until November 28, 2008, and therefore leave to amend is granted.

**Conclusion**

The Court GRANTS in part and DENIES in part the defendants' motions to dismiss, docket nos. 66. and 69. LaFrance's conversion claim is dismissed to the extent that it alleges conversion of confidential or proprietary information. To the extent that LaFrance's unjust enrichment claim is an attempt to seek tort damages (as opposed to statutory damages) for trade secret misappropriation, it is dismissed as preempted by the UTSA. In addition, LaFrance's CPA claim is dismissed, with leave to amend. LaFrance shall electronically file an amended complaint within twenty (20) days of this Order.

IT IS SO ORDERED.

DATED this 24th day of November, 2008.

Thomas S. Zilly
United States District Judge